# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LOUIS PIERCE,

    Petitioner,

v.

GREG BARTKOWSKI et al.,

    Respondents.

Civ. No. 11-5265 (FLW)

**MEMORANDUM OPINION**

**<u>FREDA L. WOLFSON, U.S.D.J.</u>**

    Petitioner, Louis Pierce ("Pierce" or "Petitioner"), is a state prisoner incarcerated at New Jersey State Prison, in Trenton, New Jersey. He commenced this habeas proceeding in 2011, seeking to vacate his convictions from 2000 for attempted murder and related crimes, but the action was stayed for several years while Pierce exhausted all grounds for relief in state court. Following the action's restoration to the active docket and the filing of an Answer by Respondents, Greg Bartkowski and Paula T. Dow (collectively, "Respondents"), the Court determined that an evidentiary hearing was needed to resolve questions concerning Part A of Ground Five in the Petition, asserting that ineffective assistance of trial counsel deprived Pierce of an effective right to testify on his own behalf at trial. The Court appointed counsel to represent Pierce, held an evidentiary hearing on February 9, 2018, and, thereafter, received supplemental briefing from the parties.

    On September 19, 2018, the Court issued an Opinion and Order granting Pierce habeas relief on Part A of Ground Five, but denying relief on the remaining portions of the petition. This Order vacated Pierce's convictions and directed the State, within 30 days, to determine

whether to release Pierce or to initiate a new trial.[1] Within that time period, Respondents appealed my habeas Opinion and Order to the Court of Appeals for the Third Circuit.

Respondents now move to stay the Order for habeas relief pending appeal. They argue that they make a substantial case for success on appeal, that the State would suffer irreparable injury if it is forced to expedite a retrial of Pierce, which could turn out to be moot if the appeal succeeds, that injury to Pierce is minimal as he would not likely be released on bail pending retrial, and that the public interest weighs in favor of a stay. Respondents also argue that, as Pierce has a substantial portion remaining of his vacated sentence, the State's interest in keeping Pierce incarcerated and preventing potential flight outweighs Pierce's liberty interest. (*See* ECF No. 45-1.)

In opposition, Pierce disputes the level of the burden that would be imposed on the State by a denial of the stay. He contends that he would suffer harm from a stay, as he would potentially be able to meet bail for release pending a retrial. Pierce contends that the public interest weighs in favor of his release, and that the Order granting habeas relief will not be disturbed on appeal. (*See* ECF No. 46.)

While Federal Rule of Appellate Procedure 23(c) creates a presumption that a petitioner who receives relief on a habeas petition will be released pending appeal, the Supreme Court has made clear that a motion to stay an order granting habeas relief will be assessed using the standard generally applicable to stays of civil judgments. *See Hilton v. Braunskill*, 481 U.S. 770, 775–76 (1987). A stay is "an exercise of judicial discretion," but a Court considering a stay motion should examine four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

---

[1] The Court subsequently granted a consented 14-day extension to this deadline.

> will substantially injure the other parties interested in the
> proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Braunskill*, 481 U.S. at 776); *see also Chafin v. Chafin*, 568 U.S. 165, 179 (2013).

The Third Circuit has recently examined the factors applied in considering a stay, explaining that, "[i]n order not to ignore the many gray shadings stay requests present, courts 'balance them all' and 'consider the relative strength of the four factors.'" *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (internal brackets omitted) (quoting *Brady v. NFL*, 640 F.3d 785, 789 (8th Cir. 2011). It noted, however, "the most critical factors" are the first two, the likelihood of success and the potential for irreparable harm to the movant. *Id.* The movant need not show that success is more likely than not, but should establish that the likelihood of success is more than simply "better than negligible." *Id.* at 569. If the movant shows that it is likely to suffer irreparable harm without a stay, then the Court must balance that potential harm against the potential irreparable harm to the opponent of the stay if it is granted. *See id.*

The Supreme Court noted that, in addition to the standard stay factors, a court considering whether to grant a stay of habeas relief pending appeal must also consider the possibility that release of the petitioner would create a risk of flight or a danger to the public. *Braunskill*, 481 U.S. at 777. It found that courts should also weigh the State's interest in continuing custody and rehabilitation, noting that this interest "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* In justifying these additional considerations, the Supreme Court noted, "[u]nlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State[;] [a]lthough the decision of a district court granting habeas

3

relief will have held that the judgment of conviction is constitutionally infirm, that determination may itself be overturned on appeal before the State must retry the petitioner." *Id.* at 779.

Considering the factors listed above, and balancing the parties' interests, the Court concludes that a stay is warranted in this case. Respondents' arguments on appeal are not frivolous or facially meritless, and they do demonstrate a potential for irreparable harm if the State is compelled to pursue an expedited retrial that is ultimately rendered moot. The harm to Pierce of denying a stay is, of course, non-trivial. But, as directed by the Third Circuit, the Court must take into account the time remaining to be served on the sentence imposed and the potential risk of flight. While Respondents' contention that Pierce is in "the early stages" of his sentence appears exaggerated in light of the fact that he has, in fact, completed nearly two thirds of his period of parole ineligibility, the Court must, nonetheless, take into account that the eleven years remaining in that period still represent a long remaining sentence. Consequently, after weighing the factors, the Court finds that the interests of Respondents and the State prevail, and the motion for a stay is granted. An appropriate order follows.

DATED: December 3, 2018

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge