**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
LOUIS PIERCE,                        :
                                     :
       Petitioner,           :   Civ. No. 11-5265 (FLW)
                                     :
  v.                                 :
                                     :   **MEMORANDUM OPINION**
GREG BARTKOWSKI et al.,              :
                                     :
       Respondents.          :
_____  :

**FREDA L. WOLFSON, U.S.D.J.**

      Petitioner, Louis Pierce ("Pierce" or "Petitioner"), is a state prisoner incarcerated at New Jersey State Prison, in Trenton, New Jersey. After granting in part Pierce's petition for writ of *habeas corpus*, the Court granted a motion by Respondents, Greg Bartkowski and Paula T. Dow (collectively, "Respondents"), to stay the grant of habeas relief pending appeal. Presently before the Court is a motion by Pierce for reconsideration of the Memorandum Opinion and Order granting Respondents' stay motion. (ECF No. 51.) For the following reasons, the reconsideration motion is DENIED.

      In support of their stay motion, Respondents argued that they were likely to succeed on appeal and that they would be prejudiced by the need to undertake an expedited retrial of Pierce which could ultimately be rendered moot by the appeal of this Court's grant of habeas relief. They asserted that Pierce would suffer little harm from a stay given an unlikelihood of being released on bail and that the public interest lay in granting a stay. (*See* ECF Nos. 45-1 & 48.) In opposition, Pierce disputed the significance of the burden on the State and asserted that he would

potentially be able to meet bail. Pierce argued that the public interest weighed in his favor and that his habeas relief would not be reversed. (*See* ECF No. 46.)

On December 3, 2018, I issued a Memorandum Opinion and Order granting the stay motion. (ECF Nos. 49 & 50.) Balancing the factors for consideration identified by the Supreme Court in *Nken v. Holder*, 556 U.S. 418 (2009), among other cases, I found that they weighed in favor of granting a stay. (ECF No. 49 at 4.) Particularly, I noted that Respondents had raised non-frivolous arguments on appeal and that Respondents had "demonstrate[d] a potential for irreparable harm if the State is compelled to pursue an expedited retrial that is ultimately rendered moot." (*Id.*) I also noted the minimum of eleven years remaining of Pierce's original sentence, taking account of the Supreme Court's holding that "the State's interest in continuing custody and rehabilitation . . . 'will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.'" (*Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)).)

Pierce now seeks reconsideration of the Memorandum Opinion and Order granting Respondents' stay motion. (ECF No. 51.) He argues that the grant "is based on a misapprehension of facts and law" because "there is no actual or realistic risk that the State will be 'compelled to pursue an expedited retrial that is ultimately rendered moot.'" (ECF No. 51, Mem. of Law, at 1.) Particularly, Pierce asserts that New Jersey speedy trial laws apply only to pretrial detainees and he explains that could likely be released on bond on terms set by the state court. He further asserts that he is not seeking an imminent trial and would be willing to stipulate to delaying the retrial until after the Third Circuit's ruling on his appeal. (*See id.* at 2–4.)

Respondents oppose the motion. (ECF No. 52.) Pierce sought leave to file a letter brief in reply, and the Court considers that brief as part of the motion papers. (ECF No. 54.)

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Pierce asserts that it was clear error for the Court to find "a potential for irreparable harm if the State is compelled to pursue an expedited retrial that is ultimately rendered moot." (ECF No. 51, Mem. of Law.) His basis for this argument, however, largely comprises arguments and factual assertions that were not before the Court when it rendered its initial decision. Pierce now attempts to present new details as to why he would likely be released on bond and newly asserts that he would stipulate to postponing a retrial until after appellate review of his habeas relief.

Pierce has not now demonstrated any error of law or fact that must be corrected to prevent manifest injustice in the Court's finding of "a potential for irreparable harm if the State is

compelled to pursue an expedited retrial that is ultimately rendered moot."[1] *See Max's Seafood Cafe*, 176 F.3d at, 677.  While Pierce speculates that perhaps recently enacted speedy trial rules would not apply to him, he provides no precedent supporting that position, and thus fails to show an error of law.  Although he provides new information suggesting that he could be able to obtain release on bond, this information was not before the Court when it rendered its prior decision, and Pierce should have presented this information when the Court decided the original stay motion.  In any case, the decision granting Respondents' stay motion was not reliant on a certainty that Pierce must be retried before a Third Circuit decision would be forthcoming, but on the possibility of such.  Even if I were to consider Pierce's new arguments here, they do not eliminate such a possibility.

Accordingly, Pierce's present motion is primarily an impermissible attempt to reargue issues that the Court has already decided.  *See Andreyko*, 993 F. Supp. 2d at 477–78.  He has not shown that the Memorandum Opinion and Order granting Respondents' stay motion was premised on factual or legal error.  Nor has he established any other basis for an award of the "extraordinary remedy" of reconsideration.  *See Buzz Bee Toys*, 20 F. Supp. 3d at 515.

For these reasons, Pierce's motion for reconsideration, (ECF No. 51), is DENIED.  An appropriate Order will be entered.

DATED:  March 20, 2019 /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

---

[1] Pierce does not seem to raise any argument as to an intervening change of law or newly discovered evidence.  *See Max's Seafood Cafe*, 176 F.3d at, 677.